UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEVE ROBBINS,

    Plaintiff,

     v.       CAUSE NO. 3:19CV659-PPS/MGG

WARDEN RON NEAL and
INDIANA STATE PRISON,

    Defendants.

OPINION AND ORDER

Steve Robbins, a prisoner without a lawyer, filed a complaint (ECF 1) against

Warden Ron Neal and the Indiana State Prison for failing to protect him and provide

him with adequate medical care after another inmate assaulted and injured him. A

filing by an unrepresented party "is to be liberally construed, and a pro se complaint,

however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation

marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must

review the merits of a prisoner complaint and dismiss it if the action is frivolous or

malicious, fails to state a claim upon which relief may be granted, or seeks monetary

relief against a defendant who is immune from such relief.

Steve Robbins, who is currently housed at the Indiana State Prison, alleges that,

on May 13, 2019, at about 10:08 a.m., Officer S. Batsel allowed offender Jeremy Cram to

slip out of his handcuffs and assault him. (ECF 1 at 3.) He states that Officer Batsel then

wrote him up on a false conduct report stating that he saw Robbins attempt to kick and assault Cram. (*Id.*) However, at Robbins's disciplinary hearing, Robbins represents that Cram admitted he assaulted Robbins and Robbins did not fight back. (*Id.*) He states the disciplinary hearing officer dismissed the charge against him. (*Id.*)

Robbins next alleges that he sustained an arm injury from Cram's assault and requested medical care for his injury. (*Id.*) However, Warden Neal and Officer Batsel refused to give him any care. (*Id.*) In addition to suffering from the lack of medical care, he claims the assault caused him to have nightmares and night tremors. (*Id.*)

While his allegations are concerning, Robbins has not stated a claim against the defendants he has named in this lawsuit. Robbins has sued Warden Neal, but he has not alleged that he was involved or participated in Officer Batsel's actions in allowing Cram to slip out of his cuffs so that he could assault Robbins. He has also not alleged how Warden Neal prevented him from receiving medical treatment for his arm injury. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). In other words, if Warden Neal was not personally involved in violating Robbins's right to be protected from being assaulted and his right to medical care, then Robbins cannot state a claim for monetary damages against him.  The theory of respondeat superior is not available under the circumstances Robbins alleges in his complaint.

2

Furthermore, while Robbins asserts that Officer Batsel caused the assault because he allowed Cram to slip out of his cuffs, he has not named him as a defendant in this lawsuit.  As a final matter, Robbins has sued the Indiana State Prison; however, the Indiana State Prison is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Thus, he cannot proceed against this defendant.

While the complaint does not state a claim, Robbins will be given an opportunity to replead his claims. *Luevano v. WalMart Stores, Inc.*, 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

ACCORDINGLY, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to Steve Robbins;

(2) GRANTS Steve Robbins until **June 15, 2020** to file an amended complaint on that form; and

(3) CAUTIONS Steve Robbins that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on May 12, 2020.          /s/ Philip P. Simon
                                                              UNITED STATES DISTRICT JUDGE